```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| AYANA DILLARD, | 1:20-cv-07886-NLH-JS |
| Plaintiff, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| TD BANK, NA, KATIE GORDON, JOHN DOES 1-10, | |
| Defendants. | |

**APPEARANCES:**

RACHEL S. LONDON
WALL & LONDON LLC
34 TANNER STREET
SUITE 4
HADDONFIELD, NJ 08033

    *On behalf of Plaintiff*

EMILY J. DAHER
BALLARD SPAHR LLP
210 LAKE DRIVE EAST
CHERRY HILL, NJ 08002

    *On behalf of Defendants*

**HILLMAN**, **District Judge**

On June 29, 2020, Defendant TD Bank, NA removed Plaintiff Ayana Dillard's case from New Jersey Superior Court to this Court. In its notice of removal, TD Bank avers that this Court's subject matter jurisdiction is based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to

28 U.S.C. § 1332(a).  Plaintiff is a citizen of New Jersey, and TD Bank is a citizen of Delaware.[1]  Plaintiff's complaint also named Defendant Katie Gordon as an individual defendant, but Gordon had not been served prior to the filing of TD Bank's removal petition.  Gordon is a citizen of New Jersey.  On July 15, 2020, after this matter was removed from state court, Gordon waived service of the complaint and was considered served on that day.

On July 22, 2020, Plaintiff filed a "Consent MOTION to remand" the matter to state court.  (Docket No. 11.)  The proposed consent order states that because Defendant Gordon has now been properly served, and Gordon has the same citizenship as Plaintiff, the parties acknowledge that this Court lacks diversity jurisdiction over the matter.

The parties are incorrect.  Procedurally, TD Bank's removal was proper even though Plaintiff's complaint named a non-diverse defendant.  When a forum defendant has not been properly joined and served in an action, the non-forum defendant can nevertheless remove the action through what some have called a

---

[1] TD Bank is a national bank association organized under the laws of the United States of America, with its main offices located in the State of Delaware at 2035 Limestone Road, Wilmington. Accordingly, TD Bank is a citizen of Delaware for purposes of determining diversity jurisdiction.  See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (2006) (holding that a national bank is, for purposes of diversity jurisdiction, a citizen of the state in which its main office is located as stated in its charter).

2

"snap removal." See Encompass Ins. Co. v. Stone Mansion Rest., Inc., 902 F.3d 147, 153 (3d Cir. 2018) (citing 28 U.S.C. § 1441(1)(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Put differently, a snap removal allows a non-forum defendant to remove an action before the diversity-defeating forum defendant is served. See id. In this matter, Gordon, the forum defendant, had not been properly joined and served in this action when non-forum Defendant TD Bank removed this action to this Court, and thus subject matter jurisdiction under § 1332(a) was properly established at the time of removal.

Contrary to the parties' view, the post-removal service of the non-forum defendant did not extinguish this Court's subject matter jurisdiction once attached. See id. at 155 (after a non-forum defendant removed the action and the forum defendant was served after removal, affirming the district court's denial of the plaintiff's motion to remand and the district court's continuing jurisdiction to consider the defendants' motions to dismiss). Thus, the parties' agreement to remand is without force.

A "post-removal agreement to the remand of the case to

3

state court does not provide the mechanism for remand.  The parties cannot unilaterally consent to the remand of the case when this Court had at the time of removal, and continues to have, subject matter jurisdiction over the action." McNally v. Waterford Township, 2019 WL 6117728, at *2 (D.N.J. Nov. 18, 2019).  Similar efforts by parties to return to state court are also ineffectual when subject matter jurisdiction has been established in this Court.  See id. (where the parties filed a proposed consent order to remand based on the plaintiff's post-removal amended complaint that dismissed his federal claim, which was the basis for subject matter jurisdiction, finding that the dismissal of the federal claims and their agreement to remand did not provide a valid mechanism to remand the matter to state court because subject matter jurisdiction existed under 28 U.S.C. § 1367(a)) (citing Duffy v. Absecon Police Department, 2019 WL 5265322, at *1 (D.N.J. Oct. 17, 2019) (citing Tom's Landscaping Contractors, LLC v. Ernest Bock & Sons, Inc., 2018 WL 5294510, at *2 (D.N.J. 2018)) (declining to endorse the parties' "Consent Order Permitting Plaintiff to File Amended Complaint and For Remand of Entire Action to State Court," where the amended complaint would add a non-diverse party, because the filing of the plaintiff's amended complaint would not defeat subject matter jurisdiction if such jurisdiction existed at the time the defendant removed plaintiff's original complaint)

4

(citing Mollan v. Torrance, 22 U.S. 537, 539 (1824), quoted in Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570 (2004) ("It has been long and well-established that in determining whether a federal court may exercise jurisdiction based upon diversity of citizenship, the court must look to 'the state of things at the time of the action brought.'"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294-95 (1938) ("It uniformly has been held that in a suit properly begun in the federal court the change of citizenship of a party does not oust the jurisdiction.  The same rule governs a suit originally brought in a state court and removed to a federal court.")); St. Paul Mercury Indem. Co., 303 U.S. at 292-93 (announcing long ago that "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, [] does not deprive the district court of jurisdiction," and further reiterating that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached").

This Court has previously explained, "two things are equally true.  This is a court of limited jurisdiction.  It must not exercise its considerable power beyond the scope of its authority as conferred by the Constitution and statute.

5

However, it is equally so that this Court has an unflagging obligation to maintain its jurisdiction, once conferred." Farren v. FCA US, LLC, 2018 WL 372168, at *3 (D.N.J. 2018). Because Plaintiff has not challenged the procedural propriety of the removal, the Court properly maintains subject matter jurisdiction over the action under 28 U.S.C. § 1332(a) - at the time of removal there was diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeded $75,000.  The post-removal service of a forum defendant, who had not been "joined and served" prior to removal, does not extinguish this Court's subject matter jurisdiction. Consequently, the parties' "Consent MOTION to Remand" [11] must be denied.[2]

    SO ORDERED.


Date: July 27, 2020                  s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

[2] Neither Plaintiff nor Defendants are prisoners of the federal court if they would rather return to state court.  Because Defendants have not filed their answers to Plaintiff's complaint, Plaintiff may follow Fed. R. Civ. P. 41(a)(1)(A)(i) by filing a notice of dismissal.  Thereafter, Plaintiff may refile her action in state court subject to whatever defenses might attach to such filing under state law.