```
           UNITED STATES DISTRICT COURT
              DISTRICT OF NEW JERSEY
```

```
AYANA DILLARD,                    1:20-cv-07886-NLH-JS

          Plaintiff,

     v.                           OPINION

TD BANK, NA, KATIE GORDON,
JOHN DOES 1-10,

          Defendants.
```

**APPEARANCES**

RACHEL S. LONDON
WALL & LONDON LLC
34 TANNER STREET
SUITE 4
HADDONFIELD, NJ 08033

    *On behalf of Plaintiff*

EMILY J. DAHER
BALLARD SPAHR LLP
210 LAKE DRIVE EAST
CHERRY HILL, NJ 08002

    *On behalf of Defendants*

**HILLMAN**, District Judge

    This matter comes before the Court by way of Plaintiff Ayana Dillard's motion to remand or for reconsideration. For the reasons expressed below, Plaintiff's motion will be granted.

## BACKGROUND

    Defendant TD Bank, NA removed Plaintiff's case from New Jersey Superior Court on June 29, 2020. TD Bank averred in its

Notice of Removal that this Court had subject matter jurisdiction based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a).  Plaintiff is a citizen of New Jersey, and TD Bank is a citizen of Delaware.[1]  Plaintiff's complaint also named Defendant Katie Gordon as an individual defendant, a citizen of New Jersey who had not been served prior to the filing of TD Bank's removal petition.  (Docket No. 1.)

On July 22, 2020, Plaintiff filed a "Consent MOTION to remand" the matter to state court.  (Docket No. 11.)  This consent "motion" was a one page, unbriefed, proposed consent order stating that because Defendant Gordon had since been properly served and had the same citizenship as Plaintiff, this Court therefore lacked diversity jurisdiction over the matter.  The Court denied this consent motion in a Memorandum Opinion and Order entered on July 28, 2020.  (Docket No. 12.)  That Opinion and Order held that removal was proper because it was

---

[1] TD Bank is a national bank association organized under the laws of the United States of America, with its main offices located in the State of Delaware at 2035 Limestone Road, Wilmington. Accordingly, TD Bank is a citizen of Delaware for purposes of determining diversity jurisdiction.  See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (2006) (holding that a national bank is, for purposes of diversity jurisdiction, a citizen of the state in which its main office is located as stated in its charter).

effectuated before Gordon, the diversity-defeating forum defendant, was served.[2]

Following this the Plaintiff filed a motion stylized as being for remand and for reconsideration on August 7, 2020. (Docket No. 14.)  In her moving brief, Plaintiff primarily argued that Defendant TD Bank lacked standing to remove the case from state court because it was not properly served and only received notice of the complaint through an electronic docket monitoring service.

On August 25, 2020, Defendants filed a Brief in Opposition to Plaintiff's Motion to Remand and for Reconsideration in which they argued that Plaintiff's motion was untimely and that the Third Circuit expressly approved of snap removal in Encompass.[3]

---

[2] This practice is commonly referred to as "snap removal." See Encompass Ins. Co. v. Stone Mansion Rest., Inc., 902 F.3d 147, 153 (3d Cir. 2018) (citing 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought.") (emphasis added).

[3] Defendants seem to imply in their opposition that TD Bank is the true party-in-interest, but stop short of claiming fraudulent joinder.  See Docket No. 15, at 5 n.1 ("Simply because Defendants seek to remain in federal court, where this dispute truly belongs as the true defendant from whom Plaintiff seeks relief is TD Bank, a non-forum and diverse defendant, does not amount to 'gamesmanship.'").  The Court notes that any such argument was waived by the Defendants' failure to raise the issue in its Notice of Removal. Stanley v. Lowe's Companies, Inc., No. 19-15436 (MAS), 2020 WL 1531387, at *4-5 (D.N.J. Mar. 31, 2020).

3

(Docket No. 15.)  Plaintiff then filed a Reply Brief in which she asserted additional arguments based on lack of subject matter jurisdiction, including that Encompass is distinguishable because that case involved completely diverse parties.  (Docket No. 16.)

Finally, four months after filing her Reply Brief, Plaintiff filed a surreply in further support of her motion on January 7, 2020.  (Docket No. 23.)  In her surreply, the Plaintiff included as an exhibit a recent opinion from another Judge of this Court commenting upon this case.  That opinion disagreed with this Court's denial of the parties' consent motion to remand because it viewed snap removal as improper when there is a non-diverse defendant named in the complaint.  Keyser v. Toyota Material Handling Northeast, Inc., No. 1:20-cv-10584 (JHR), 2020 WL 7481598, at *2 (D.N.J. Dec. 18, 2020).

## DISCUSSION

Before turning to the substance of the parties' arguments, the Court must first address what arguments it may consider in ruling on the instant motion for remand and for reconsideration. As stated, the Plaintiff's moving brief essentially contends that TD Bank lacked standing to remove this case because it had not been formally served and only received notice of the complaint via an electronic docket monitoring service.  In her Reply and Surreply, the Plaintiff presents another argument

4

regarding the Court's asserted lack of subject matter jurisdiction.

The Court would normally disregard arguments raised for the first time in a reply brief.[4] Thomas v. Corr. Med. Services, Inc., No. 1:04-cv-3358 (NLH), 2009 WL 737105, at *13 (D.N.J. March 17, 2009) (citing Bayer AG v. Schein Pharm., 129 F. Supp. 2d 705, 716 (D.N.J. 2001)). However, this Court has a continuing duty under 28 U.S.C. § 1447(c) to ensure it has subject matter jurisdiction over the matters before it and must remand if at any time before final judgment it appears to be without jurisdiction. Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004). Accordingly, the Court will examine its subject matter jurisdiction over this case before assessing any other arguments put forward by Plaintiff.

In its prior Opinion and Order denying remand, this Court relied on the Third Circuit's opinion in Encompass Ins. Co. v. Stone Mansion Rest., Inc., 902 F.3d 147 (3d Cir. 2018) for the proposition that "a snap removal allows a non-forum defendant to remove an action before the diversity-defeating forum defendant

---

[4] The Court acknowledges that the Plaintiff included the phrase "subject matter jurisdiction" in three separate sentences of her moving brief. (Docket No. 14, at 1, 5, and 6.) However, apart from these dispersed references to subject matter jurisdiction, Plaintiff's actual argument in the moving brief was that Defendant TD Bank lacked standing to remove because it had not been served.

5

is served." (Docket No. 12, at 3.) However, upon further review, the Court agrees with Plaintiff that Encompass does not support this proposition because it addressed snap removal in the context of completely diverse parties, and therefore did not speak to the propriety of snap removal before a diversity-defeating defendant is served.[5] See Encompass, 902 F.3d at 152-53.

Indeed, before snap removal under 28 U.S.C. § 1441(b)(2) becomes relevant, § 1441(a) separately provides that the Court must have original jurisdiction over this matter, and § 1441(b)(2) itself further makes clear that the forum-defendant rule only applies to an "action *otherwise removable* solely on the basis of [diversity] jurisdiction . . ." As there is no federal question involved in this case, complete diversity of the parties is thus required. Accordingly, even if Encompass would support TD Bank's snap removal in this case were the parties entirely diverse, it would still need to separately demonstrate that the Court possesses diversity jurisdiction.

As courts in this Circuit have repeatedly recognized, the citizenship of all named defendants must be considered in determining whether diversity jurisdiction has been established,

---

[5] The Plaintiff in Encompass was a citizen of Illinois, suing a single Defendant that was a Pennsylvania corporation, in Pennsylvania state court. Encompass, 902 F.3d at 149.

6

regardless of whether they have yet been served.  See Victorin v. Jones Lang LaSalle, No. 20-18123 (KM), 2021 WL 651200, at *5 (D.N.J. Feb. 18, 2021) ("[D]iversity is determined for removal purposes based on the citizenship of defendants named in the complaint; a court cannot ignore a defendant simply because that defendant was not yet served."); Mecca v. Ecosphere, No. 20-cv-12769 (JMV)(MF), 2020 WL 6580855, at *4 (D.N.J. Nov. 10, 2020) ("[Defendant is] incorrect in its assertion that only the citizenship of defendants who have been served is relevant to the diversity jurisdiction analysis."); Reyes v. Sheika, No. CV. 19-20388 (ES)(MAH), 2020 WL 2735710, at *2 (D.N.J. May 7, 2020) (finding unserved defendant's citizenship counts for diversity purposes), report and recommendation adopted, 2020 WL 2732069 (D.N.J. May 26, 2020); Janaski v. Dettore, No. 15-0072 (JP), 2015 WL 1573670, at *1-2 (E.D. Pa. Apr. 9, 2015) (remanding action because complete diversity between parties did not exist on face of complaint notwithstanding plaintiffs' failure to serve non-diverse forum defendant).

Most simply, this is because "the citizenship of a forum-defendant (who is not properly served) does not offend the language of 1441(b), [but] it does offend the language of 28 U.S.C. § 1332(a)."  Keyser, 2020 WL 7481598, at *3.  Following this reasoning, other courts in this District recently faced with similar factual circumstances have remanded.  Id.; Burga v.

7

UniFirst Corp., No. 20-10849 (MCA)(LDW), 2020 WL 8452558, at *3 (D.N.J. Dec. 3, 2020), report & recommendation adopted, 2021 WL 395897 (D.N.J. Feb. 4, 2021); Stanley, 2020 WL 1531387, at *4-5.

Returning to the facts of this case, there is no dispute that Plaintiff and Defendant Gordon are both citizens of New Jersey. Indeed, much like the Defendants in Stanley, the Defendants here in their Notice of Removal "confusingly assert that diversity jurisdiction exists while also conceding that there is not complete diversity between Plaintiff and Defendants." Stanley, 2020 WL 1531387, at *4. See Docket No. 1, at *3 ("Katie Gordon ("Gordon") has been named as an individual defendant in the State Action and is a citizen of New Jersey, but has not been served with the Complaint."). As such, the complete diversity requirement of 28 U.S.C. § 1332(a) is unsatisfied, thus leaving the Court without subject matter jurisdiction over this case. Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) (citing Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., 316 F.3d 408, 410 (3d Cir. 2003)).

Under 28 U.S.C. § 1447(c), this Court must remand an action to state court if it appears to lack subject matter jurisdiction at any time before final judgment. Samuel-Bassett, 357 F.3d 392, 396 (3d Cir. 2004). Accordingly, the Court will grant the Plaintiff's Motion to Remand this matter to the Superior Court

8

of New Jersey, Law Division, for Burlington County.[6]

## CONCLUSION

For the reasons expressed above, Plaintiff's motion for remand or reconsideration (Docket No. 14) will be granted.

An appropriate Order will be entered.


Date: March 22, 2021          /s Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.

---

[6] The Court does not reach the Plaintiff's alternative Motion for Reconsideration because it finds that it lacks subject matter jurisdiction.  Indeed, this finding would "make any [further] decree in the case void[.]"  Brown v. Francis, 75 F.3d 860, 864-65 (3d Cir. 1996) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir.1985)).

9